IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JESSIE A. QUINONES TORRES**,
   Petitioner
     v.
**UNITED STATES OF AMERICA**      **CIVIL NO. 04-1528(JAF)**
   Respondent

## REPORT AND RECOMMENDATION

Before the Court is petitioner's Section 2255 motion (Docket No. 1) wherein he seeks to vacate his sentence of conviction and judgment, and that he "be released without delay." In the same petitioner presents several theories as to how his trial and appellate counsel were constitutionally ineffective. He does not, however, allege that he in fact was not guilty of the offenses to which he pled guilty by virtue of a plea agreement, nor does ne claim that but/for counsels' alleged errors he would not have pled guilty. As petitioner failed to raise these arguments on appeal[1], he must now demonstrate both cause for not doing so, and a resulting prejudice. United States v. Frady, 456 U.S. 152, 164-165 (1982); Prou v. United States, 199 F.3d 37, 42-43 (1st Cir. 1999).

First, petitioner claims that counsel, during the pretrial phase of the proceedings failed to file a motion to dismiss the indictment on the grounds that it impermissibly charged multiple conspiracies; was duplicitous; improperly joined a money laundering count; and, amounted to double jeopardy. The first three arguments in support of dismissal are clearly meritless. The last argument, though ably presented, has been rejected by the First Circuit. Petitioner contends that because he

---

[1] Court-appointed counsel for petitioner filed an *Anders* brief on appeal, which the First Circuit accepted after review of the record. (See Docket Nos. 837 and 841 of underlying criminal case).

**Criminal No. 04-1528(JAF)**             -2-

was previously acquitted by a Puerto Rico court of the same drug offense, he could not later be charged by the federal government, as constitutionally speaking Puerto Rico is not a separate sovereign.  In <u>United States v. López Andino</u>, 831 F.2d 1164 (1st Cir. 1987), <u>cert.denied</u>, 486 U.S. 1034 (1988), a similar claim was rejected by the court.  This holding constitutes binding precedent on this Court.  More so, recently in <u>United States v. Lara</u>, 541 U.S. 193, 203 (2004), the Supreme Court looked at the analogous "sovereignty" of Puerto Rico as a bar to double jeopardy in the case of criminal offenses tried in Indian tribal court.

Petitioner next claims the Court committed several errors during his change of plea colloquy, which counsel failed to correct.  A review of the change of plea transcript (<u>see</u> Docket No. 750 of underlying criminal case), however, evidences that Judge Fusté clearly did not commit the same.  To the contrary, he carefully explained to petitioner the elements of the offenses involved, and the maximum and minimum penalties applicable.  He further advised petitioner of his consitutional rights.  Finally, the Judge also ascertained that petitioner's plea was voluntary.

As his third argument, petitioner claims that his counsel failed to discuss the presentence investigation report (PSI) until the time of sentence and object to the drug sentencing calculations contained therein.  More so, he claims counsel should have moved for a downward departure based on aberrant behavior and/or extraordinary family circumstances.  As to the first argument, no prejudice lies, as the sentencing calculations in the PSR mirrored those of the plea agreement.  More so, Judge Fusté did not sentence him to a higher sentence than he bargained for in the plea agreement, based on the information contained in the PSR.  As to the propriety of the downward departure, the same was not contemplated in the plea agreement.  Additionally, the grounds for departure sought by petitioner, prior to *Booker*, would have nonetheless been rejected by the Court

**Criminal No. 04-1528(JAF)**               -3-

as they do not fall outside of the "heartland".

Finally, petitioner presents two additional arguments in a most perfunctory manner. First, that the filing of an *Anders* brief amounted to constitutionally ineffective appellate assistance. This argument fails, as the First Circuit in fact accepted such brief (see Docket Nos. 837, 841). Second, he contends (without offering any detail) that the Government committed a *Brady/Giglio* violation by failing to disclose that at the time of trial, the government agents were under investigation. Petitioner, however, does not discuss how this resulted in prejudice, nor does he contend that he would not have pled guilty but/for this fact.

In sum, the record of the underlying criminal case belies petitioner's present claims inasmuch as prejudice is concerned. He pled guilty pursuant to a plea agreement and was sentenced by Judge Fusté under its most favorable terms. See, e.g., United States v, Flowers, 2004 WL 1088767 * 8 (D. Kan. 2004) (counsel not deficient where defendant received bargained-for sentence); Jolaoso v. United States, 142 F. Supp. 2d 306, 308 (E.D.N.Y. 2001) (same); Ryan v. United States, 97 F. Supp. 2d 190, 195 (D. Mass 2000) (same). More so, petitioner herein does not claim he would not have pled guilty, thus fails to show any prejudice from his bargained-for sentence. See Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Pursuant to 28 U.S.C. § 636(b)(1)(B), any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v.

**Criminal No. 04-1528(JAF)**                              -4-

Maccorone, 973 F. 2d 22, 30/31 (1st Cir. 1992).

        **SO RECOMMENDED**
In San Juan, Puerto Rico, this 9TH of May, 2005

        S/ Gustavo A. Gelpí
        GUSTAVO A. GELPI
    United States Magistrate Judge